# In the United States Court of Federal Claims

No. 13-626C

(Filed October 14, 2014)

NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * *
*
*
MICHAEL ROTH & ASSOCIATES,          *
ARCHITECTS & PLANNERS, INC.,        *
*
    Plaintiff,            *
*
  v.                                *
*
THE UNITED STATES,                  *
*
    Defendant.            *
*
* * * * * * * * * * * * * * * * * *


## ORDER

Pending before the Court is the plaintiff's motion to enlarge the period of time in which to conduct discovery, for the purpose of deposing Mr. Eric Miller. For the reasons discussed below, the Court concludes, with some reluctance, that the deposition should be allowed.

This case concerns work performed under a task order issued by the Department of Veterans Affairs (VA). *See* App. to Def.'s Resp. to Pl.'s Mot. (DA) at A16–A26. Under this task order the plaintiff, Michael Roth & Assocs., Architects & Planners, Inc. (MRA) was to design an expansion and renovation of cardiology facilities at a VA hospital in St. Louis, Missouri. Compl. ¶ 3. The project MRA designed included an electrophysiology (EP) lab and two cardiac catheter (cath) labs. Pl.'s Mot. for Prod. of Docs. & Deponents (Pl.'s Mot.) at 1; DA at A24. The plaintiff seeks an equitable adjustment of its fees under the task order, contending that increases in the scope of work, which resulted in the designed project exceeding the construction budget ceiling, entitle MRA to an increase in fees. Compl. ¶¶ 10–21.

Plaintiff served its initial discovery requests on defendant in March of this year. This included requests for, among other things, the production of "[a]ll

documents related to cost projections concerning alternative bids requested by the United States, and received by the United States"; "[a]ll documents concerning the awarding of bids concerning the subject contract"; "[a]ll documents reflecting the actual cost of the Project"; and "[a]ll contracts entered into between the general contractor . . . [or] with subcontractors of the Project."  Pl.'s Mot. at 1–2.  Defendant objected that the requests were "vague and ambiguous," "incomplete and unintelligible," and "broad and unduly burdensome."  DA at A79.  Defendant also objected that "documents reflecting the actual cost" of the project were irrelevant but nonetheless agreed to produce the contract for construction of the facility and modifications to that contract.  *See id.* at 80–81.

More than one contract was involved, however, unbeknownst to defendant's counsel at the time documents were initially produced.  When plaintiff's counsel reviewed documents produced in early July, he learned that the contract with J.W. Fuller Construction, LLC, *see* DA at A27–28 --- which was among the documents produced --- concerned only the EP lab, and emails suggested that the cath labs were to have been constructed under separate contracts with Philips Healthcare, *see id.* at A84.  On July 9, 2014 plaintiff's counsel notified defendant's counsel that he had not received the Philips contracts.  *Id.*  The following week, on July 14, plaintiff's counsel followed up with another email indicating that he wanted to discuss these contracts with Clifford Farrell, the contracting officer's technical representative, during a planned July 18, 2014 deposition.  *See* DA at A85–87; Ex. 2 to Pl.'s Mot. (Pl.'s Ex. 2) at 1–3.  Defendant's counsel responded that same day, stating that the government would produce the Philips contracts "to the extent they exist" once they are located.  Pl.'s Ex. 2 at 1; DA at A85.  Defendant's counsel also stated, "[i]f you are reluctant to conduct the depositions in the absence of the documents that plaintiff now requests [the Philips contracts], then I suggest that Mr. Farrell's . . . deposition[] be postponed until the parties agree that document discovery is complete."  Pl.'s Ex. 2 at 1; DA at A85.  Plaintiff did not agree to postpone the deposition and it occurred as scheduled.  On July 28, 2014, the government produced copies of the Philips contracts.  *See* Pl.'s Mot. at 3; Def.'s Resp. to Pl.'s Mot. (Def.'s Opp'n) at 6; DA at A88.

On August 14, 2014, eight days before the close of discovery, plaintiff requested that Eric Miller be deposed and that Mr. Farrell be deposed again.  Ex. 6 to Pl.'s Mot. (Pl.'s Ex. 6) at 1.  Mister Farrell's deposition was requested on the ground that plaintiff had additional questions after learning in subsequent depositions that Mr. Farrell was the VA employee with the most knowledge concerning the Philips contracts.  Pl.'s Mot. at 3.  Mister Miller is apparently the head nurse at the cardiology unit of the St. Louis VA hospital.  Def's Opp'n at 6.  After reviewing documents previously produced by the government, plaintiff found that Mr. Miller was included in an email string in which information relating to the construction of EP and cath labs was requested from Philips employees.  Pl.'s Supp'l Mem. at 2 & Ex. 1.  Due to scheduling difficulties (with just four days left of the fact discovery period) as well as doubts that the depositions could lead to relevant

evidence, defendant's counsel on August 18 declined the request to schedule the two depositions. Pl.'s Ex. 6 at 1. On August 20, 2014, plaintiff filed a motion for production of documents and deponents and for an extension of the time period for discovery.

After a hearing on these issues on September 22, 2014, the Court granted the plaintiff leave to depose Mr. Farrell by written questions, but denied MRA's motion to compel the government to produce bid documents. Order (Sept. 22, 2014), ECF No. 19. The Court also requested that the parties submit supplemental memoranda on the issue of Mr. Miller's deposition, which is the matter presently under consideration. *Id.*

The Court admits to some difficulty in understanding MRA's legal theory, and hence its justification for deposing Mr. Miller. The plaintiff seems to contend that when the VA amended the task order to request the design of facilities that would cost no more than $2.945 million to build, the agency knew that the facilities would in actuality cost at least 50 percent more than the purported ceiling. According to MRA, this means that the fee to which it agreed was based on a project of a smaller scope, and should be adjusted upwards. *See* Compl. ¶¶ 4, 11, 14, 17–22. The deposition of Mr. Miller is sought because at Mr. Farrell's request he initiated communications with Philips, the eventual contractor for the cath labs portion of the project, before the amendment issued. *See* Pl.'s Supp'l Mem. at 2 & Ex. 1. The plaintiff presumes that Mr. Miller possessed at that time knowledge that the VA believed the project to be larger than the plaintiff was told. *Id.* at 4.

The government opposes extending the fact discovery period for a deposition of Mr. Miller. It argues that the referenced "email thread has nothing to do with having Philips build the cath labs." Def.'s Resp. to Pl's Supp'l Mem. at 7. Defendant contends that MRA has failed to show that Mr. Miller possesses any relevant knowledge, *id.* at 8–9, and that a deposition would "unnecessarily take" him "away from [his] work at an understaffed medical center." Def.'s Opp'n at 9.

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rules of the United States Court of Federal Claims (RCFC) 26(b)(1). To the extent that plaintiff's claim rests on the notion that the VA had requested design work of a greater scope than the construction ceiling suggested, the Court supposes that Mr. Miller's deposition may have some relevance. Although the desire to depose Mr. Miller was not communicated to government counsel until August 14, the request was made prior to the discovery cut-off. Under the circumstances this request was timely, as the size of the Philips contracts was not discovered prior to July 18, 2014, and the contracts were produced on July 28, 2014 (pursuant to a document request made in March).

The Court is mindful that Mr. Miller is apparently a health professional, not a procurement official, and expects that the plaintiff will endeavor to inconvenience his regular duties as little as possible. Moreover, the government is strongly of the opinion that this deposition cannot be relevant, and thus cannot justify the costs of an additional trip of its counsel to St. Louis. *See* Def.'s Opp'n at 9. While the Court does not find that defendant has demonstrated that the expense of Mr. Miller's deposition outweighs its likely benefit, *see* RCFC 26(b)(2)(C)(iii), if defendant's counsel wishes to participate in the deposition by videoconferencing, MRA shall accommodate those wishes.

As described above, the plaintiff's motion to enlarge the time period for fact discovery, for the purpose of deposing Mr. Miller, is **GRANTED**. The plaintiff shall have thirty days from the date of this order, or until November 13, 2014, to take this deposition and conduct (if necessary and within reason) any follow-up discovery. The remaining deadlines from the September 22, 2014 order are unchanged.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge